UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAEED YOUSUF,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT A. BOTHMAN, INC., et al.,<br><br>                    Defendants. | Case No. 5:16-cv-05098-EJD<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

Plaintiff Saeed Yousuf is a former employee of Defendant Robert A. Bothman, Inc. ("RAB"). Yousuf's claims arise from RAB's termination of his employment. Before the Court is Defendants' Rule 12(b)(6) motion to dismiss Yousuf's fourth cause of action, which alleges that RAB violated California Labor Code §§ 201 and 203 by failing to compensate him for unused vacation time. Defendants' motion will be GRANTED.

**I.     BACKGROUND**

RAB hired Yousuf as its Chief Operating Officer in 2002. Compl. ¶ 8, Dkt. No. 1. On February 12, 2016, RAB told Yousuf that his employment would end on May 14 after a 90-day termination period, during which he would continue to receive his usual wages and benefits. Id. ¶¶ 16–17.

On April 12, RAB told Yousuf that he would no longer receive his salary. Id. ¶ 23; Yousuf Decl. Ex. 4, Dkt. No. 17-4. Instead, he would be required to use his accrued paid vacation time for the remainder of the termination period. Yousuf Decl. Ex. 4, Dkt. No. 17-4 ("[T]he Company is

United States District Court<br>Northern District of California

electing to schedule vacation for you beginning April 18th. You will, therefore, continue to get paid through May 14th, but you will be using your accrued vacation days beginning April 18th through your last day of employment."). By then, Yousuf had saved 144 hours of vacation time, and it continued to accumulate until he left RAB on May 14. Id. Yousuf alleges that when his employment ended, he had earned 148.52 hours of unused vacation time. Compl. ¶ 51. However, when he left, RAB paid him for only 28.52 hours.[1] Id. ¶ 29. Based on this discrepancy, Yousuf alleges that "RAB inappropriately deducted 120 hours" of vacation time from his total amount. Id. ¶ 6.

Yousuf brings seven causes of action arising from the termination of his employment. Id. ¶¶ 34–77. RAB, joined by the other Defendants, now moves to dismiss the fourth, which alleges that Defendants violated the California Labor Code by failing to pay Yousuf for his unused vacation time. Defs.' Mot. to Dismiss ("MTD"), Dkt. No. 5.

## II.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.   DISCUSSION

### A.   Request for Judicial Notice

RAB asks the Court to take judicial notice of information on the website of the California Division of Labor Standards and Enforcement ("DLSE"). Dkt. No. 6. Specifically, RAB requests judicial notice of the Frequently Asked Questions page, which includes a question about vacation

---

[1] At paragraph 29 of the complaint, Yousuf alleges that he was paid for 28.52 hours; at paragraph 51, he alleges that he was paid for 28 hours.

United States District Court
Northern District of California

1    time:

2                    **Q. Can my employer tell me when to take my vacation?**

3              A. Yes, your employer has the right to manage its vacation pay
             responsibilities, and one of the ways it can do this is by controlling
4            when vacation can be taken and the amount of vacation that may be
             taken at any particular time.
5

6    Frequently Asked Questions: Vacation, Division of Labor Standards and Enforcement,

7    http://www.dir.ca.gov/dlse/faq_vacation.htm, archived at https://perma.cc/K7Y3-RFVA (last

8    visited Feb. 21, 2017).

9          The DLSE's legal conclusions, while informative, are not binding here. See Morgan v.

10   United Retail Inc., 186 Cal. App. 4th 1136, 1147–48 (2010) ("Although not binding on a court, the

11   DLSE's construction of a statute, whether embodied in a formal rule or a less formal

12   representation, is entitled to consideration and respect."); Murphy v. Kenneth Cole Prods., Inc., 40

13   Cal. 4th 1094, 1106 (2007) ("While the DLSE's construction of a statute is entitled to

14   consideration and respect, it is not binding and it is ultimately for the judiciary to interpret this

15   statute."); Yamaha Corp. of Am. v. State Bd. of Equalization, 19 Cal. 4th 1, 7 (1998) ("Courts

16   must . . . independently judge the text of the statute, taking into account and respecting the

17   agency's interpretation of its meaning, of course, whether embodied in a formal rule or less formal

18   representation.").

19         The Court declines to judicially notice the DLSE's interpretation.

20         **B.    Vacation Time**

21         Yousuf alleges that RAB violated California law by failing to pay him for unused vacation

22   time. Compl. ¶¶ 47–52. Specifically, Yousuf alleges that RAB violated California Labor Code

23   § 201, which provides that "[i]f an employer discharges an employee, the wages"—including

24   unused vacation time—"earned and unpaid at the time of discharge are due and payable

25   immediately." Yousuf concedes that RAB paid him for 28 hours of vacation time when his

26   employment ended. Pl.'s Opp. to Defs.' Mot. to Dismiss ("Opp.") at 3, Dkt. No. 13. But he claims

27   that RAB improperly required him to use 120 hours of vacation time, instead of paying him his

28

1   usual salary, during the 90-day termination period when his employment ended. Id. As a result,

2   Yousuf believes he should have been paid for an addition 120 hours of vacation time. Id. Yousuf

3   further alleges that RAB should face penalties under Labor Code § 203 for willful violations of §

4   201. Compl. ¶ 48.

5        RAB agrees that employers must pay unpaid wages at the time of discharge—and it argues

6   that it did exactly that. Defs.' Reply in Support of Mot. to Dismiss at 2, Dkt. No. 18. In RAB's

7   view, Yousuf had only 28 hours of unused vacation when his employment ended, because RAB

8   was free to require Yousuf to use the rest of his vacation time during the 90-day termination

9   period. Id.; Opp. at 3.

10       RAB's position is consistent with the DLSE's view, discussed above, that employers can

11  tell employees when to use their paid vacation time. Yousuf offers no authority to the contrary.

12  Yousuf cites the DLSE Enforcement Manual for the rule that employers cannot impose "use-it-or-

13  lose-it" policies, under which employees forfeit vacation time unless they use it within the year.

14  Opp. at 5; Division of Labor Standards and Enforcement, Enforcement Policies and Interpretation

15  Manual 15.1.4 (2002), available at http://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf,

16  archived at https://perma.cc/D495-LH4F. That rule, however, does not contradict the DLSE's

17  position that employers can "control[] when vacation time can be taken and the amount of

18  vacation that may be taken at any particular time." Frequently Asked Questions, supra. And

19  Yousuf does not allege that RAB imposed a use-it-or-lose it policy: his claim is not that RAB

20  required him to forfeit his accrued vacation time, but that RAB required him to use it.

21       Yousuf also cites the DLSE manual for the rule that, "on termination, employees are

22  entitled to a pro rata share of their vacation pay without any reduction or loss based on conditions

23  imposed by the employer." Enforcement Policies and Interpretation Manual, supra (Yousuf's

24  emphasis). The DLSE draws this rule from the California Supreme Court's opinion in Suastez v.

25  Plastic Dress-Up Co., 31 Cal. 3d 774 (1982). In that case, the employer refused to pay departing

26  employees for unused vacation time unless the employees remained at the company for the rest of

27  the employment year (i.e., until the anniversary of their employment). Id. at 776–77. The court

28

Case No.: 5:16-cv-05098-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

held that this condition was invalid because it "attempts to effect a forfeiture of vacation pay already vested." Id. at 781. Here, RAB attached no such condition. It paid Yousuf for his unused vacation time upon termination. Opp. at 3. RAB's position is that it was free to require Yousuf to use vacation time while he was still an employee. MTD at 4–6.

Yousuf also appears to suggest that RAB violated his employment agreements by requiring him to use vacation time during the termination period. Opp. at 6 ("Yousuf's first contract of employment with RAB provided for paid vacation. . . . Yousuf's second contract provided for payment of 90 days termination pay. One contract cannot be used to pay for the other.") This argument might be relevant to Yousuf's contract claims, but it has no bearing on Yousuf's claim that RAB violated California Labor Code §§ 201 and 203.

Lastly, Yousuf argues that an employers can require an employee to take vacation time only if the employee will return to work afterwards. Opp. at 6. Yousuf cites no authority for this rule, and the Court can find none.

## IV.    CONCLUSION

Yousuf has not stated a claim for violations of California Labor Code §§ 201 and 203. Defendants' motion to dismiss Yousuf's fourth cause of action is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: February 28, 2017

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05098-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS