UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAEED YOUSUF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT A. BOTHMAN, INC., et al.,<br><br>　　　　　Defendant. | Case No. 5:16-cv-05098-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 26 |

## I. INTRODUCTION

Plaintiff Saeed Yousuf is the former Chief Operating Officer of Defendant Robert A. Bothman, Inc. ("RAB"). In 2016, Plaintiff was terminated from his employment during a meeting with an attorney representing RAB, John Fox. Plaintiff later filed this action in state court for breach of contract, wrongful termination, failure to pay wages and violation of the Employee Retirement Income Security Act of 1974. RAB, through Fox and his law firm - Fox, Wang & Morgan, P.C. - removed the action. Fox has continued to represent RAB in this court.

Federal jurisdiction arises under 28 U.S.C. § 1331. Plaintiff now moves to disqualify Fox and his firm from representing RAB. Dkt. No. 26. Unsurprisingly, RAB opposes. The court finds this matter suitable for decision without oral argument and will vacate the hearing scheduled for November 9, 2017.

Because Plaintiff has not shown that Fox's representation of RAB is injurious either to him or to the judicial process in which this case appears, his motion will be denied for the reasons explained below.

## II. LEGAL STANDARD

"Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996); Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1047-48 (9th Cir.

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
1

1985) ("The primary responsibility for controlling the conduct of attorneys rests with the district court."). These powers encompass the ability to disqualify counsel, which is defined by state law. Id.; Reading Int'l, Inc. v. The Malulani Grp., Ltd., 814 F.3d 1046, 1049 (9th Cir. 2016). Thus, this court is guided by "the reasoned view of the state supreme court when it has spoken on the issue." In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000).

The California Supreme Court has recognized that a motion to disqualify a party's counsel "may implicate several important interests," which must be examined carefully "to ensure that literalism does not deny the parties substantial justice." People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1144 (1999). "Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." Id. at 1145. But the "paramount concern must be to preserve the public trust in the scrupulous administration of justice and the integrity of the bar." Id. Thus, the right to counsel of one's choice, while important, "must yield to the ethical considerations that affect the fundamental principles of our judicial process." Id.

The court is also mindful that "[t]he cost and inconvenience to clients and the judicial system from misuse of the rules for tactical purposes is significant." Optyl Eyewear, 760 F.2d at 1050. Disqualification motions are consequently subjected to "particularly strict judicial scrutiny" as a check on potential abuse. Id. (citing Rice v. Baron, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).

### III. DISCUSSION

Plaintiff advocates for the disqualification of Fox and his firm because Fox is a potential fact witness. To that end, Plaintiff alleges that he had a lunch meeting with Fox prior to his departure from RAB and that Fox presented Plaintiff with a 90-day Notice of Termination during the meeting. Plaintiff and Fox continued to discuss Plaintiff's departure after the meeting, and Plaintiff alleges that Fox "opined on 409A issues and implied tax ramifications" related to

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

2

deferred compensation. In addition, Plaintiff alleges that contrary to the position taken by RAB in discovery, Fox explained to Plaintiff that he could resign from RAB but not did tell Plaintiff he was terminated for cause.

With this factual predicate in mind, the court turns to the more particular legal authority governing Plaintiff's request. In 1978, the California Supreme Court upheld an attorney's disqualification under a former professional conduct rule prohibiting counsel from serving as a trial witness, recognizing that "ultimately the issue involves a conflict between a client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility." Comden v. Super. Ct., 20 Cal. 3d 906, 915 (1978) ("Comden"). The Comden court observed that "[a]n attorney who attempts to be both advocate and witness impairs his credibility as witness and diminishes his effectiveness as advocate," and that the rule of professional conduct addressing the issue should be applied to "avoid the appearance of attorney impropriety." Id. at 912. And the court was similarly mindful "that testimony by a member of trial counsel's firm may lead the public to be skeptical of lawyers as witnesses, thereby diminishing the public's respect and confidence toward the profession." Id.

These concerns have not changed since 1978, but the rule has. In adopting the current version of the Rules of Professional Conduct of the State Bar of California, the California Supreme Court approved Rule 5-210, which now provides:

> A member shall not act as an advocate before a jury which will hear testimony from the member unless:
>
> (A)  The testimony relates to an uncontested matter; or
>
> (B)  The testimony relates to the nature and value of legal services rendered in the case; or
>
> (C)  The member has the informed, written consent of the client. . . .

This iteration of the counsel-as-witness rule "changes the emphasis which the trial court must place upon the competing interests in reaching its decision" from that provided in Comden. Lyle v. Super. Ct., 122 Cal. App. 3d 470, 482 (1981). Though the court may still disqualify

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
3

counsel in its discretion, it must also recognize that "if a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." Id. In other words, "*the State Bar has concluded that a fully informed client's right to chosen counsel outweighs potential conflict or threat to trial integrity posed by counsel's appearance as witness*." Maxwell v. Super. Ct., 30 Cal. 3d 606, 619 n. 9 (1982) (emphasis in original). The State Bar has also determined "that counsel's dual participation under the circumstances is not unethical." Id.

Here, there is no dispute that Fox obtained a written consent under Rule 5-210(C), evidencing RAB's acceptance of Fox's continued representation despite the fact he may also testify as a trial witness. Dkt. No. 33. The question therefore becomes whether Plaintiff has made "a convincing demonstration" of detriment to himself or injury to the integrity of the judicial process, such that RAB's "significant right" to counsel of its choice is abrogated. See Smith, Smith & Kring v. Super. Ct., 60 Cal. App. 4th 573, 579-80 (1997). As will be shown, he has not.

### A. Detriment to Plaintiff

Potential detriment to Plaintiff from RAB's continued representation by Fox requires little discussion because there is none. Plaintiff does not allege that Fox obtained any confidential information about Plaintiff by virtue of Fox's involvement with Plaintiff's termination or otherwise. Instead, Plaintiff argues he should be able to "confront his accusers" by testing the credibility of Fox's version of their lunch meeting and ensuing discussions about Plaintiff's separation from RAB. But Plaintiff does not along with this argument actually identify any obstacle raised by Fox or RAB precluding him from undertaking that effort. To the contrary, RAB's written consent acknowledges that Fox may need to provide testimony in this action in some form and at some point. Accordingly, the court finds that Plaintiff has not made a "convincing demonstration" of personal detriment.

### B. Injury to the Integrity of the Judicial Process

Whether RAB's representation by Fox constitutes an injury to the judicial process requires

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
4

a longer discussion.  But before addressing what could cause an injury, the court addresses what does not.

Plaintiff's papers make significant effort to point out the factual discrepancies between Plaintiff's version of events and those of RAB and Fox.  As the court understands it, the main import of these statements is that receiving testimony from Fox will be awkward because it will place Fox's credibility at issue.  But this sort of awkwardness, though acknowledged, is inherent to every case involving counsel as both witness and advocate, and is nonetheless tolerated in California.  Id. at 580; see also Optyl Eyewear, 760 F.2d at 1050 ("The ethical rules strike a balance between the competing interests of a client's right to choose counsel and the inconsistency of an advocate giving testimony.").  Indeed, if the remedy of disqualification was available any time attorneys made the proceedings awkward for each other, every case would involve cross-motions for mutual disqualification.

Moreover, though not directly raised by Plaintiff, the court is not persuaded that his own attorney's effectiveness is diminished in the eyes of the jury when examining an opposing counsel as a witness.  It is the duty of Plaintiff's counsel is "to represent [her] client's interests zealously," which "should overcome any professional loyalty owed to a colleague."  Optyl Eyewear, 760 F.2d at 1050.  "Nor is there any special reputation for truth-telling reserved to lawyers that would unduly prejudice the opposing side."  Id.  Simply put, problems with awkwardness or juror perception that arise solely because an attorney testifies do not win the day for Plaintiff.  From the court's perspective, it is RAB and not the judicial process that would suffer any prejudice resulting from its attorney's dual role.

Those matters aside, what the court must do in the face of Plaintiff's request to disqualify Fox is "weigh the competing interests of the parties against potential adverse effects on the integrity of the proceeding before it," and must "resolve the close case in favor of the client's right to representation by an attorney of his or her choice."  Smith, Smith & Kring, 60 Cal. App. 4th at 580 (citing Lyle, 122 Cal. App. 3d at 482).  As such, the court first considers the "combined effects of the strong interest parties have in representation by counsel of their choice, and in

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

5

avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case." Id. RAB has stated it would "suffer extreme financial hardship from having to pay a new attorney for the dozens of hours necessary for the new attorney to get up to speed on the case" (Dkt. No. 33), which representation the court accepts given that disqualification "usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement." Id. at 581 (citing Gregori v. Bank of America, 207 Cal. App. 3d 291, 300 (1989)). The fact that RAB has known of Plaintiff's intent to seek disqualification for some time does not lessen the impact of its counsel's removal, from both a financial and practical perspective, especially when RAB disagrees that disqualification is appropriate and opposes the motion.

Next, the court considers whether Plaintiff is using disqualification for litigation advantage. Id. Bad faith is not apparent here, because there is no dispute that only Fox and Plaintiff have first-hand knowledge about what occurred during their lunch meeting and subsequent discussions. Plaintiff's assertion he will need to at least depose Fox about his side of the story is therefore a valid one. Even so, courts have observed that "in cases that do not involve past representation [conflict cases] the attempt by an opposing party to disqualify the other side's lawyer must be viewed as part of the tactics of an adversary proceeding." Id. (citing Graphic Process Co. v. Super. Ct., 95 Cal. App. 3d 43, 52 n.5 (1979)). That characterization is inescapable, though the degree by which a disqualification motion constitutes strategy may fluctuate. Here, while Plaintiff's motion is not overtly tactical, the fact that it was filed at all reveals some slight form of considered conduct.

Finally, the court must determine whether Fox's testimony at trial is genuinely needed. Id. That question is a difficult one to definitively answer so early in this action. Plaintiff operates under the impression that Fox will inevitably need to comment on his interactions with Plaintiff, and the court tends to agree based on how the factual matters are framed through the parties' arguments. But they are just arguments, not trial evidence. Assuming Fox will need to testify, his statements may be significant to the outcome of some issues presented by Plaintiff's claims, and

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

the description of his personal interactions with Plaintiff cannot be presented through another witness from RAB or his firm. Without examining further evidence, however, the actual extent of the parties' disagreement over the facts is not yet known. In turn, the necessity for Fox to serve as a trial witness in some capacity is similarly unknowable.

Having considered the relevant factors, the court concludes that Plaintiff has not provided an adequate evidentiary showing as to why or how any testimony from Fox would be harmful to the integrity of the judicial process. On balance, RAB's strong interest in being represented by the counsel of its choice, when coupled with the financial expense imposed by locating new counsel and the intrinsically tactical nature of this motion, far outweigh the minimal prejudice perceived from the current showing. Thus, Plaintiff's motion will be denied.

That is not to say that this decision ends the matter, however. As this action proceeds toward trial and Fox's role as a witness becomes better defined, the difficulty of his dual position may increase to the point that convincing prejudice to the judicial system emerges. For example, the court would seek to understand before trial the mechanics of Fox's appearance as a witness, and particularly how his direct testimony would be presented to the jury. Presentation through narrative, rather than through the questioning of another attorney, may factor against Fox's continued representation of RAB. Though nothing in particular is invited, the parties are advised that reconsideration of this issue may be warranted if relevant and compelling evidence is presented.

## IV. ORDER

Based on the foregoing, the Motion to Disqualify (Dkt. No. 26) is DENIED.

The hearing scheduled for November 9, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: November 7, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05098-EJD
ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
7